BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300
abenno@ameerbenno.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMIL KASPEREK, an infant, by his mother and next friend, IWONA KASPEREK,<br><br>        Plaintiff,<br><br>vs.<br><br>THE SEA GATE ASSOCIATION, SEA GATE POLICE DEPARTMENT, POLICE OFFICER "FNU" PAZ (First Name Unknown),  POLICE OFFICER "FNU" HERNANDEZ, AND "JOHN/JANE DOES 1 THROUGH 10" (Names Fictitious And Presently Unknown),<br><br>        Defendants. | Case No.:   15-Civ-2874<br><br><br>COMPLAINT<br><br><br>DEMAND FOR JURY TRIAL |

1      Plaintiffs, by and through their undersigned attorney, allege as follows:

2      **PRELIMINARY STATEMENT**

3      1.    Plaintiff brings this action for compensatory damages, punitive damages, and

4 attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil

5 rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United

6 States Constitution.   Plaintiffs also assert claims under New York law.

7      **JURISDICTION**

8      2.    This Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C §§

9 1331, 1343(a), (3), and (4).

10

COMPLAINT - 1

1

**VENUE**

2      3.      Venue is proper for the United States District Court for the Southern District of

3   New York pursuant to 28 U.S.C. § 1391(b) and (c).

4

**JURY TRIAL DEMANDED**

5      4.      Plaintiff demands trial by jury of all issues properly triable thereby.

6

**THE PARTIES**

7      5.       Plaintiff IWONA KASPEREK is a resident of the City of New York, and at all

8   times relevant to the allegations of this complaint was and is a citizen of the United States, and

9   resident of the County of Kings, State of New York.

10      6.      Plaintiff IWONA KASPEREK is the biological mother of infant plaintiff

11   KAMIL KASPEREK.

12      7.      Plaintiff IWONA KASPEREK is the natural guardian and next friend of infant

13   plaintiff KAMIL KASPEREK.

14      8.      Infant plaintiff KAMIL KASPEREK is a resident of the City of New York, and

15   at all times relevant to the allegations of this complaint was and is a citizen of the United States,

16   and resident of the County of Kings, State of New York.

17      9.      That at all times herein mentioned, defendant THE SEA GATE ASSOCIATION

18   (hereinafter "SGA") was and is a domestic corporation duly organized and existing under and

19   by virtue of the laws of the State of New York.

20      10.      That at all times herein mentioned, defendant SGA operated, controlled and

21   maintained a police force known as the SEA GATE POLICE DEPARTMENT ("hereinafter

22   "SGPD").

COMPLAINT - 2

11.     That at all times herein mentioned, defendant SGPD was and is a duly authorized public authority and/or police department authorized to perform all functions of a police department as per the laws of the State of New York.

12.     That at all times herein mentioned, defendant POLICE OFFICER "FNU" PAZ (First Name Unknown) (hereinafter, "PAZ") was and is a SGPD officer employed by defendants SGPD and SGA.

13.     That at all times herein mentioned, defendant PAZ was acting within the course and scope of his employment with defendant SGPD and SGA.

14.     That at all times herein mentioned, defendant PAZ was acting under color of state law.

15.     Defendant PAZ is sued herein in both his individual and official capacities.

16.     That at all times herein mentioned, defendant POLICE OFFICER "FNU" HERNANDEZ (First Name Unknown) (hereinafter, "HERNANDEZ") was and is a SGPD officer employed by defendants SGPD and SGA.

17.     That at all times herein mentioned, defendant HERNANDEZ was acting within the course and scope of his employment with defendant SGPD and SGA.

18.     That at all times herein mentioned, defendant HERNANDEZ was acting under color of state law.

19.     Defendant HERNANDEZ is sued herein in both his individual and official capacities.

20.     That at all times herein mentioned, defendant s "JOHN/JANE DOES 1 THROUGH 10" (hereinafter, "DOES 1-10") were and are SGPD officers and/or law enforcement personnel employed by defendants SGPD and SGA.

COMPLAINT - 3

21.     That at all times herein mentioned, defendants DOES 1-10 were acting within the course and scope of their employment with defendants SGPD and SGA.

22.     That at all times herein mentioned, defendants DOES 1-10 were acting under color of state law.

23.     The names "JOHN/JANE DOES 1-10" are fictitious, as these defendants' true names are presently unknown.

24.     These defendants are intended to be the law enforcement personnel involved in the events described in this Complaint, including the arrest, detention, assault, battery, searches, imprisonment, and prosecution of plaintiff, or the authorization, ratification, and encouragement of the same.

25.     That DOES 1-10 are sued herein in both their individual and official capacities.

26.     That at all times herein mentioned, the individual defendants acted jointly and in concert with each other.

27.     Each individual defendant had the duty and the opportunity to protect plaintiff KAMIL KASPEREK from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## **FACTUAL BACKROUND**

28.     The facts stated in this complaint are based, inter alia, on the personal knowledge of plaintiff KAMIL KASPEREK regarding events in which he was directly involved and upon information and belief. The sources of "information and belief" factual statements are primarily documents from the underlying criminal prosecution and related public documents which are currently available to plaintiff. Those sources are incomplete, particularly, without limitation, as

COMPLAINT - 4

to numerous documents and court exhibits. This complaint is drawn without the benefit of full discovery proceedings.

29.     Plaintiff KAMIL KASPEREK repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

30.     On September 1, 2014 at approximately 10:15 p.m., at 3715 Nautilus Avenue, Brooklyn, New York 11224, plaintiff was falsely arrested by defendants.

31.     Plaintiff resides in a premises located at the above-said address.

32.     On the above-said time and date, plaintiff KAMIL KASPEREK was lawfully present on the front lawn of his home, which is located at the above-said address, when defendants entered his property without a warrant, consent, or probable cause, and forcibly arrested plaintiff KAMIL KASPEREK without lawful basis or legal justification.

33.     Defendants intentionally and/or with deliberate indifference to plaintiff KAMIL KASPEREK's constitutional and civil rights forcibly seized, detained, and arrested plaintiff without justification, privilege or probable cause.

34.     When plaintiff KAMIL KASPEREK attempted to call his aunt, who lived across the street, on his cell phone to ask her to come to the scene, defendants viciously, violently, and without any lawful justification, attacked, assaulted and battered plaintiff, even though plaintiff KAMIL KASPEREK did not at any point struggle or resist arrest.

35.     Defendants gratuitously used force against plaintiff KAMIL KASPEREK and used more force than was reasonably necessary against plaintiff KAMIL KASPEREK.

36.     At the scene, defendants told plaintiff's aunt that they knew plaintiff, and that they were "going to make him pay."

COMPLAINT - 5

37.    Plaintiff KAMIL KASPEREK was thereafter taken to a police precinct and falsely imprisoned in defendants' custody for an extended period of time.

38.    When plaintiff's mother, IWONA KASPEREK, arrived at the police precinct, defendants told her, as they had previously told plaintiff's aunt, that they knew plaintiff, that they were "going to make him pay," and that they "were going to teach him a lesson."

39.    Defendants also told IWONA KASPEREK that it was her job as plaintiff's mother to teach plaintiff respect, and that if she could not teach plaintiff respect, then defendants were going to do so.

40.    Upon information and belief, defendants engaged in the conduct described herein to retaliate against plaintiff KAMIL KASPEREK for exercising his freedom of speech under the U.S. and New York State Constitutions and for uttering constitutionally protected speech that defendants found to be disrespectful towards them.

41.    While plaintiff KAMIL KASPEREK was unlawfully imprisoned, defendants issued him a criminal court summons which charged plaintiff KAMIL KASPEREK with one count of disorderly conduct.

42.    Plaintiff KAMIL KASPEREK did not commit the offense with which he was charged, nor did he commit any offense or engage in any unlawful conduct on September 1, 2014; nor did any police officer observe plaintiff do so.

43.    Defendants signed the criminal court summons, thereby swearing to the veracity of its allegations, under penalty of perjury, despite their knowing that there was no truth to those allegations whatsoever, that these allegations against plaintiff were false and completely fabricated, that there was never any legal basis to have detained or arrested plaintiff, and that there was no legal basis to prosecute him.

44.     All defendants conspired to lodge these false allegations against plaintiff and initiate a prosecution against him for offenses they knew he did not commit.

45.     Defendants made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

46.     Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

47.     Thereafter, plaintiff was required to appear in criminal court in connection with said criminal summons.

48.     When plaintiff KAMIL KASPEREK appeared in court on or about November 12, 2014, he was informed that no summons had ever been filed.

49.     Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

DAMAGES

50.     As a result of the foregoing, plaintiff KAMIL KASPEREK was severely and seriously physically and mentally injured, suffered a loss of enjoyment of life and a loss of liberty, suffered great indignity and humiliation, was held up to scorn and ridicule, was injured in his character and reputation, and suffered economic and pecuniary damages and loss, deprivation of his constitutional rights, and other damages.

51.     That by reason of the foregoing, and as a result of the aforesaid actions and/or omissions of defendants, plaintiff was severely injured, bruised, wounded, suffered, still suffers and will continue to suffer for some time, great physical pain and serious and severe bodily and mental injuries  and mental anguish and has become sick, sore, lame and disabled and will remain so permanently and/or for a considerable length of time.

52.     That by reason of the foregoing, and as a result of defendants' aforesaid actions, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform his normal activities, duties and vocation and has sustained a resultant loss therefrom, including medical expenses, loss of wages and other related expenses.

53.     That by reason of the foregoing, and as a result of defendants' aforesaid actions, plaintiff is informed and verily believes that his aforesaid injuries are permanent and he will permanently suffer from the effects of their aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain, suffering, inconvenience and loss of enjoyment of life.

54.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FIRST CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS
### (False Arrest/Imprisonment Under 42 U.S.C. § 1983)

55.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

56.     Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized plaintiff, forcibly put plaintiff into handcuffs, placed plaintiff under arrest without any reasonable cause to believe that plaintiff had committed, was committing, or was about to commit any offense, and caused plaintiff to be imprisoned and incarcerated at various facilities, and thereby deprived plaintiff of his rights, liberties, and freedoms under color of state law, including plaintiff's right to be free from

COMPLAINT - 8

unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

### SECOND CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

#### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

57.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

58.     Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor – in violation of plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

#### (Malicious Abuse of Process Claim Under 42 U.S.C. § 1983)

59.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

60.     Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

61.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures and to due process of law.

## FOURTH CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

### (Excessive Force Claim Under 42 U.S.C. § 1983)

62.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

63.     Defendants, acting in concert and within the scope of their employment and authority, used objectively unreasonable force against plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

64.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

65.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

COMPLAINT - 10

## SIXTH CLAIM - AGAINST ALL INDIVIDUAL DEFENDANTS

### (Violation of Plaintiff's First Amendment Rights Under 42 U.S.C. § 1983)

66.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

67.     Defendants, acting in concert and within the scope of their employment and authority, retaliated against plaintiff because he engaged in speech and associational activity protected by the First Amendment.  As a direct result of defendants' willful, malicious, and/or recklessly indifferent actions, undertaken because of plaintiff's speech and association, plaintiff was subjected to extended and unreasonable detentions by local law enforcement, carried out without probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit an offense.  This unlawful seizure is the type of injury that would chill a person of ordinary firmness from continuing to engage in such protected conduct.  Because the detention was extended and plaintiff was treated more harshly, in whole or in part, by defendants in retaliation for plaintiff's protected speech and association, these defendants are liable for violating plaintiff's First Amendment rights.

## SEVENTH CLAIM - AGAINST ALL DEFENDANTS SGA AND SGPD

### ("Monell" Claim under 42 U.S.C. § 1983)

68.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

69.     The individual defendants, singly and collectively, while acting within the scope of their employment and authority and under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the SGA and SGPD and their specific precinct(s) forbidden by the Constitution of the United States.

COMPLAINT - 11

70.     The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, subjecting individuals to excessive force, and committing perjury.

71.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the SGPD, which was known to and ratified by defendant SGA.

72.     Despite knowledge of these institutionalized practices, defendant SGA has at no time taken any effective action to prevent SGPD personnel from continuing to engage in this type of misconduct.

73.     Defendant SGA and SGPD had prior notice of the vicious propensities of defendants PAZ, HERNANDEZ, and DOES 1-10, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

74.     The failure of defendant SGA and SGPD to properly train defendants PAZ, HERNANDEZ, and DOES 1-10 included the failure to instruct them in applicable provisions of the State Penal Law of the State of New York, federal and state constitutional limitations, and the proper and prudent use of force.

75.     Defendants SGA and SGPD authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by, among other things:

76.     Failing to properly discipline, train, restrict, and control employees, including defendants PAZ, HERNANDEZ, and DOES 1-10, known to be irresponsible in their dealings with citizens of the community;

77.     Failing to take adequate precautions in the training, hiring, promotion, and retention of police personnel, including specifically defendants PAZ, HERNANDEZ, and DOES 1-10.

COMPLAINT - 12

78.     Failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by police personnel;

79.     Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

80.     That the failure to supervise and/or train by defendant SGA and SGPD of defendants PAZ, HERNANDEZ, and DOES 1-10 rose to the level of deliberate indifference to the consequences of their actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

81.     The SGA and SGPD inadequately screened, hired, retained, trained, and supervised their employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom SGPD police officers come in contact.

82.     The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

83.     The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

84.     The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

### **Supplemental State Law Claims**

85.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

COMPLAINT - 13

86.     That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## EIGHTH CLAIM - AGAINST ALL DEFENDANTS

### (False Arrest/Imprisonment Claim under New York Law)

87.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

88.     Defendants, acting in concert and within the scope of their employment and authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

89.     Defendants SGA and SGPD are also liable for the damages suffered by plaintiff as a result of the conduct of their agents, servants, and/or employees under the doctrine of respondeat superior.

## NINTH CLAIM - AGAINST ALL DEFENDANTS

### (Assault Claim under New York Law)

90.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

91.     Defendants, acting in concert and within the scope of their employment and authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

92.     Defendants SGA and SGPD are also liable for the damages suffered by plaintiff as a result of the conduct of their agents, servants, and/or employees under the doctrine of respondeat superior.

COMPLAINT - 14

## TENTH CLAIM - AGAINST ALL DEFENDANTS

### (Battery Claim Under New York Law)

93.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

94.     Defendants, acting in concert and within the scope of their employment and authority, made offensive contact with plaintiff without privilege or consent.

95.     Defendants SGA and SGPD are also liable for the damages suffered by plaintiff as a result of the conduct of their agents, servants, and/or employees under the doctrine of respondeat superior.

## ELEVENTH CLAIM - AGAINST ALL DEFENDANTS

### (Abuse of Process Claim under New York Law)

96.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

97.     Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause, and to "teaching plaintiff a lesson" for his having "disrespected" them.

COMPLAINT - 15

98.     Defendants SGA and SGPD are also liable for the damages suffered by plaintiff as a result of the conduct of their agents, servants, and/or employees under the doctrine of respondeat superior.

## TWELFTH CLAIM - AGAINST ALL DEFENDANTS

### (Violation of Plaintiff's Rights under the New York State Constitution)

99.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

100.     Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct which was extreme, outrageous, shocking and which exceeded all reasonable bounds of decency.

101.     Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

102.     Defendants, acting in concert and within the scope of their employment and authority, retaliated against plaintiff because he engaged in speech and associational activity protected by the New York State Constitution.  As a direct result of defendants' willful, malicious, and/or recklessly indifferent actions, undertaken because of plaintiff's speech and association, plaintiff was subjected to extended and unreasonable detentions by local law enforcement, carried out without probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit an offense.  This unlawful seizure is the type of injury that would chill a person of ordinary firmness from continuing to engage in such protected conduct.  Because the detention was extended and plaintiff was treated more harshly, in whole or in part, by defendants in retaliation for plaintiff's protected speech and association, these defendants are liable for violating plaintiff's rights under the New York State Constitution.

COMPLAINT - 16

1       103.    Defendants SGA and SGPD are also liable for the damages suffered by plaintiff

2   as a result of the conduct of their agents, servants, and/or employees under the doctrine of

3   respondeat superior.

4                  **THIRTEENTH CLAIM - AGAINST ALL DEFENDANTS**

5                    **(Intentional Infliction of Emotional Distress)**

6       104.    Plaintiff repeats and realleges each and every allegation set forth above as though

7   fully set forth at length herein.

8       105.    Defendants, acting in concert and within the scope of their employment and

9   authority, engaged in the aforesaid conduct which was extreme, outrageous, shocking and

10  which exceeded all reasonable bounds of decency.

11      106.    Defendants' extreme and outrageous conduct was intended to cause and did

12  cause severe emotional distress to plaintiff.

13      107.    Defendants SGA and SGPD are also liable for the damages suffered by plaintiff

14  as a result of the conduct of their agents, servants, and/or employees under the doctrine of

15  respondeat superior.

16

17                          *     *     *

18

19

COMPLAINT - 17

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all the defendants:

    a.  Compensatory damages in an amount to be determined at trial;

    b.  Punitive damages in an amount to be determined at trial;

    c.  Attorney's fees pursuant to 42 U.S.C. § 1988;

    d.  An award of plaintiff's costs of suit;

    e.  Pre-judgment and post-judgment interest;

    f.  Such other relief as this Court deems just and proper.

Dated this 19th day of May, 2015

_____

Ameer Benno, Esq. [AB-1130]

BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300

COMPLAINT - 18